PATTERSON BELKNAP WEBB & TYLER LLP
John D. Winter
1133 Avenue of the Americas
New York, New York  10036
Telephone: (212) 336-2000
Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**11 CIV 1253**

--------------------------------------------------------------- x

In the Matter of the Arbitration Between

BABYCENTER, L.L.C.,

                     Petitioner,

       against

GSI COMMERCE SOLUTIONS, INC.,

                    Respondent.

--------------------------------------------------------------- X

**PETITION TO CONFIRM
ARBITRATION AWARD**

RECEIVED FEB 23 2011 U.S.D.C. S.D.N.Y. CASHIERS

Petitioner BabyCenter, L.L.C. ("BabyCenter") petitions the Court, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, for an order confirming the arbitrator's award in the matter of the arbitration between BabyCenter and GSI Commerce Solutions, Inc. ("GSI"), made on April 14, 2010, and directing that judgment be entered accordingly.  This petition is made on the following grounds, which BabyCenter, by and through its undersigned counsel, alleges:

1.     Petitioner BabyCenter is, and at all relevant times has been, a limited liability company duly organized and existing under the laws of Delaware, with its principal office located in San Francisco, California.

2.     On information and belief, Respondent GSI is, and at all relevant times has been, a corporation duly organized and existing under the laws of Pennsylvania, with its principal office located in King of Prussia, Pennsylvania.

3.     This Court has jurisdiction over this proceeding pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, and pursuant to 28 U.S.C. § 1332(a)(1), in that this action is between citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391(a) and (c), and pursuant to 9 U.S.C. § 9.

5.     On August 18, 2006, BabyCenter and GSI entered into a written contract titled the E-Commerce Services Agreement (the "Agreement"), a copy of which is annexed hereto as Exhibit A and incorporated by reference herein.

6.     The Agreement is a contract evidencing a transaction involving commerce, within the meaning of 9 U.S.C. §§ 1 and 2, in that the stated purpose of the Agreement was for GSI to provide BabyCenter with "an order processing, order management, order fulfillment, and customer service solution for the Company Online Store," an e-commerce business offering retails goods for purchase in interstate commerce. (Ex. A at 1.)

7.     Section 10.10 of the Agreement states, in relevant part:

> Dispute Resolution. Any controversy or claim arising out of or relating to this Agreement shall be resolved by arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") then pertaining . . . . The arbitration shall be held in New York and the arbitrator shall apply the substantive law of New York, except that the interpretation and enforcement of this arbitration provision shall be governed by the Federal Arbitration Act.

(Ex. A at § 10.10.)

8.     Although the arbitration clause of the Agreement provided for arbitration before the American Arbitration Association, on January 30, 2009, BabyCenter and GSI agreed to arbitrate before JAMS.

2

9.      On February 6, 2009, GSI filed its Statement of Claim alleging, *inter alia*, that BabyCenter had breached its duties under the Agreement, and seeking certain damages.

10.     On March 4, 2009, BabyCenter filed its Response to Demand for Arbitration answering GSI's allegations.

11.     On April 24, 2009, BabyCenter moved in the United States District Court for the Southern District of New York (the "District Court") to disqualify GSI's counsel, Blank Rome LLP ("Blank Rome"), from representing GSI in arbitration with BabyCenter based on a conflict of interest.

12.     On July 15, 2009, pursuant to the arbitration clause in the Agreement and the JAMS Comprehensive Arbitration Rules and Procedures, the parties validly agreed to the appointment of Stephen G. Crane, Esq. as Arbitrator.

13.     In a Memorandum Order entered July 30, 2009, and Judgment entered July 31, 2009, the District Court disqualified Blank Rome from representing GSI. A copy of the Memorandum Order and Judgment are attached as Exhibit B and incorporated by reference herein.

14.     The Arbitrator received pre-hearing motions, including motions for summary judgment and motions *in limine*. The Arbitrator decided those motions in an Interim Award dated January 12, 2010, and subsequently revised on January 15, 2010. The revised Interim Award is attached as Exhibit C and incorporated by reference herein.

15.     The Arbitrator duly conducted a three-day hearing commencing on January 14, 2010, and concluding on January 18, 2010. During the hearing, the parties appeared before the Arbitrator and submitted their proof.

16.     The Arbitrator studied the facts, circumstances, and proofs concerning the

3

controversies submitted to him, and having fully considered all of the evidence and arguments submitted by the parties, arrived at a Final Award and delivered it to the parties on April 14, 2010. A copy of the Final Award is annexed hereto as Exhibit D and incorporated by reference herein.

17.    The Final Award was in writing and duly acknowledged and signed by the Arbitrator. The Final Award was made in accordance with the terms and provisions of the Agreement and is in all respects proper.

18.    In the Final Award, the Arbitrator ordered as follows:

(a)    That GSI's claim for breach of contract and the implied covenant of good faith and fair dealing based on BabyCenter's purported failure to use "reasonable efforts" or "best efforts" be dismissed;

(b)    That GSI's motion to conform the pleadings to the proof be granted and GSI's Statement of Claim deemed to include a claim based on breach of Section 8 of the Agreement;

(c)    That BabyCenter be liable on GSI's claim of breach of Section 8 of the Agreement based on BabyCenter's closing of its Online Store;

(d)    That GSI's claim that BabyCenter breached Section 8 of the Agreement by entering into an agreement with non-party Diapers.com be dismissed as academic;

(e)    That GSI's motion for reargument of the issue of damages be granted and the revised Interim Award dated January 15, 2010, be adhered to in pertinent part;

(f)    That GSI's claim for damages for lost profits and out-of-pocket expenses be denied, and that GSI be awarded nominal damages in the amount of $1.00; and

(g)    That BabyCenter's request for sanctions be denied.

19.    In an opinion dated August 18, 2010, the United States Court of Appeals for the Second Circuit affirmed the District Court's Memorandum Order and Judgment disqualifying Blank Rome. A copy of the opinion is attached as Exhibit E and incorporated by

4

reference herein.

20.    On October 22, 2010, the District Court entered an order taxing costs in favor of BabyCenter in the amount of $259.80. A copy of Order is attached as Exhibit F and incorporated by reference herein.

21.    Less than one (1) year has expired since the date of the delivery of the Final Award by the Arbitrator to the parties.

22.    The Final Award has not been vacated, modified, or corrected pursuant to 9 U.S.C. §§ 10 or 11. No application has been made by either party therefor, nor do grounds exist for doing so.

23.    Notice of this application has been served upon GSI in the manner specified in 9 U.S.C. § 9.

WHEREFORE, Petitioner BabyCenter requests that an Order of this Court be issued confirming the Final Award and awarding Petitioner its costs.

Dated: New York, New York
       February 23, 2011

John D. Winter
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel:  (212) 336-2000
Fax:  (212) 336-2222

*Attorneys for Respondent BabyCenter, L.L.C.*

5